[Civil No. 1716.   Filed February 25, 1920.]

[187 Pac. 576.]

## RED ROVER COPPER COMPANY, a Corporation; Appellant, v. EDWARD H. HILLIS, Appellee.

### ON REHEARING.

MASTER AND SERVANT—MINE OWNER LIABLE FOR FAILURE TO FURNISH SAFE PLACE TO WORK.—Where plaintiff entered into contract to pump water from defendant's mining shaft under defendant's agreement to excavate and equip all necessary pumping stations and install pumps and pipe for removing water from the stations, defendant was required to furnish plaintiff a safe place in which to work, and was liable for injuries to plaintiff from stumbling and falling into shaft while starting a pump because of pipe carelessly left on floor and failure to provide lights and guard-rails or gates, even if plaintiff was an independent contractor, instead of an employee of defendant.

ON MOTION FOR REHEARING on an appeal from a judgment of the Superior Court of the County of Maricopa. Frank H. Lyman, Judge. Motion for rehearing denied.

For former opinion, see *ante,* p. 87, 185 Pac. 641.

Mr. F. L. Zimmerman and Mr. R. E. L. Shepherd, for Appellant.

Mr. F. W. Swenson, for Appellee.

CUNNINGHAM, C. J.—The appellant presses for a rehearing upon the grounds that the relation be-

tween the plaintiff and the defendant as shown on the face of the complaint is that of parties to the written contract, exhibited with the complaint—that is, independent contractors—and for that reason defendant's demurrer to the complaint should have been sustained.

The said demurrer in this respect alleges:

"That it appears on the face of said complaint that the plaintiff herein is an independent contractor, and that the relationship between master and servant, employer and employee, etc., does not exist. . . . "

The cause of action in this case is based on negligence of the defendant—a failure of the defendant to furnish the plaintiff a safe place to work while he was engaged in starting the pumps on the 300-foot level, pumping water out of the shaft that had been raised from the bottom. The defendant contracted with the plaintiff and his associates to the end that a mining shaft, already down 235 feet, would be continued down 300 feet deeper, and that the defendant company would excavate and equip all necessary pumping stations and install pumps and pipe for removing water from the stations. The defendant provided the stations and installed the station pumps as agreed.

The complaint charges that the plaintiff was at the pumping station at the 300-foot level "for the purpose of starting the station pump, as he was required and invited so to do by the defendant," and that the plaintiff fell to the bottom of the shaft because he stepped on a short piece of pipe which had been carelessly left on the floor, and the station was without lights, and no guard-rails or gates were provided about the shaft.

In regard to the pump, the contract refers to a No. 5 Cameron pump "to handle any water that may

be encountered in the shaft.'' This must be understood as meaning a sinking pump. The contract provides that the company ''shall install a station pump at some higher level to handle the water delivered from the Cameron pump.'' This station pump is the pump here in question, and it is this pump which the complaint alleges that the plaintiff was required and invited by the defendant to start, and he was occupied about starting such station pump at the time his foot struck the pipe and rolled, unbalancing him and causing him to fall down the shaft. One conclusion follows, to wit, the plaintiff was injured while occupied in the service of the defendant. The injury was the direct result of defendant's failure to furnish plaintiff a reasonably safe place in which to render service.

In the *Swansea Lease, Inc.,* v. *Molloy case,* 20 Ariz. 531, 183 Pac. 740, the court found that the plaintiff was injured while occupied in the service of the independent contractor, and the mine owner was not liable under the employers' liability law (Civ. Code 1913, pars. 3153–3162). This case is wholly different, in that the complaint charges and the demurrer sufficiently admits that the plaintiff was occupied at the time of the injury in the service of the defendant, and was injured as a direct result of the defendant's negligence in the particular aforesaid.

Having fully reconsidered the case with the appellant's motion before us and the authorities there presented, we are satisfied with the conclusion heretofore reached. We add this to our former opinion to make clear the fact that the question was duly considered, if not discussed, in the former opinion.

The motion for rehearing is denied.

ROSS and BAKER, JJ., concur.